UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ZHOU MIN PETITIONER

VERSUS CIVIL ACTION NO. 5:26-CV-550-DCB-RPM

R. VERGARA RESPONDENT

**REPORT AND RECOMMENDATIONS**

Before the Court is Petitioner Zhou Min's [1] Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention. At the time the petition was filed on June 18, 2026, Petitioner was an immigration detainee housed at the Adams County Correctional Center in Natchez, Mississippi. According to the pleadings, he is a native and citizen of China. It appears he arrived in the United States on or about October 8, 2025, and was detained at that time. On December 22, 2025, an Immigration Judge ordered Petitioner to be removed from the United States. The removal order is final as no appeal was filed.

In response to the instant petition, Respondent filed a Motion to Dismiss and submitted a Declaration with the motion. [3]; [3-1]. Respondent represents that Petitioner was removed from the United States to China on June 23, 2026, and that the instant petition is now moot and may be dismissed. Indeed, according to ICE's online detainee locator system, Petitioner is no longer in ICE custody.[1] Petitioner did not file a response to the motion.[2]

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases

[1] The Court's search involved inputting Petitioner's "A-Number" and "Country of Birth."
[2] Mail sent to Petitioner was returned as undeliverable. [6].

or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (citations omitted). The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit.'" *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot) (quoting *Lewis,* 494 U.S. at 477–48).

Petitioner sought release from ICE custody; and his petition is now moot because he has been released from ICE custody. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as traditionally providing "a means to seek *release* from unlawful detention"). Accordingly, the instant petition no longer presents a live case or controversy for purposes of satisfying Article III and should be dismissed without prejudice as moot.

## RECOMMENDATION

The undersigned recommends that Respondent's [3] Motion to Dismiss be GRANTED and that Petitioner Zhou Min's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus be DISMISSED without prejudice as moot.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District

Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED, this the 22nd day of September 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE